LAW & a. v. ALLEY & a.

In the absence of evidence whether a certain fund or piece of property in the hands of an executor is capital, or income, the presumption of fact is that it is capital.

BILL IN EQUITY, by the executors of the will of Edward Cocking, against his legatees, asking for instructions in the administration of the trust. By the will the testator makes sundry bequests, among which are bequests to his wife and sons, by the following provisions: "I also give and bequeath unto my said wife, Alice, one half of the income of all my estate, both real and personal, not including the homestead or what is or may be otherwise disposed of. I also give and bequeath unto my said wife, Alice, the sum of two hundred dollars a year to be paid annually by my executors, out of the principal, as long as she shall live; and, at the decease of my said wife, I give and bequeath the income of whatever remains of the principal unto my sons, Charles R. Cocking and Edward H. Cocking, in equal shares, or to the survivor of them.

. . . . . . . . . . . .

"I give and bequeath unto my sons, Charles R. Cocking and Edward H. Cocking, in equal shares, or to the survivor of them, the income of one half of my estate, both real and personal, not including my homestead or whatever is or may be otherwise disposed of, during their natural lives. I also give and bequeath to my said sons the sum of two hundred dollars a year to be paid annually in equal shares by my executors, out of the principal, during their natural lives, or to the survivor of them." The testator disposes of the residue of his estate by the following provisions: "After the decease of my said wife, Alice, and of my said sons, Charles R. Cocking and Edward H. Cocking, if neither of my said sons leave any child or children, what shall then remain of my estate, whether real or personal, one half of the same, I give, bequeath, and devise to Frederick W. Preston, son of William Preston, deceased, and the remaining half I give, bequeath, and devise to Edward J. Ackroyd, son of John J. Ackroyd, their heirs and assigns forever; at the death of my said sons, a reasonable sum shall be paid out of my estate to pay the funeral expenses."

Among the property coming to the possession of the executors from the testator were thirty-five shares of the capital stock of the Boston & Maine Railroad. After the plaintiffs became possessed of this stock, the Boston & Maine Railroad and the Eastern Railroad Company made a contract (dated May 8, 1890), by virtue of which, among other things, each stockholder of the former corporation became entitled to receive one share of its capital stock for every six and four-fifths shares of stock then

owned by him, without paying anything therefor. At a later date (June 24, 1891) the Boston & Maine Railroad increased its capital stock in a way so that each stockholder became entitled to subscribe, on or before July 28, 1891, for two shares of new stock for every seven shares then held by him, to be paid for at par, which rights of subscription were made salable and transferable. By virtue of the contract between the Boston & Maine Railroad and the Eastern Railroad Company, above referred to, the plaintiffs received five shares of the capital stock of the Boston & Maine Railroad without paying anything therefor, and also the sum of twenty-five dollars and fifty cents for fractional rights sold. The plaintiffs sold the rights to which they were entitled by the votes of the corporation increasing its capital stock as aforesaid, and received therefor the sum of five hundred and ninety-five dollars. The widow and sons of the testator claim that the stock and money thus received by the plaintiffs is income, and should be divided to them as such, according to the terms of the will. The plaintiffs ask that the court will advise them whether said stock and money is to be treated as income, or as principal, and what disposition they ought to make of the same.

*Joshua. G. Hall*, for the plaintiffs.

CLARK, J. In *Peirce* v. *Burroughs*, 58 N. H. 302, it is said that in the absence of all evidence on the question whether a certain fund or piece of property in the hands of an executor is capital, or income, the presumption of fact is that it is capital. The language of the court in that case is equally applicable to the facts of the present case : " There being no evidence that the right to take new shares was property, or the proceeds of property earned by the corporations, or that it was in any sense income or profits, it is capital belonging to the remainder-men."

*Case discharged.*

CHASE, J., did not sit: the others concurred.