Merrimack, ?
Dec., 1895. $

WALKER, *Ex'r*, v. WALKER.

Funds in the hands of an executor, derived from sales of subscription rights and a division of the capital of a corporation, are part of the principal, and pass to the remainder-man, subject to the payment of the income thereof to the life tenant; but dividends payable from the earnings of a corporation belong to the life tenant as income of the estate.

BILL IN EQUITY, by the executor of the will of William Walker, praying the direction of the court as to the construction

of the will. By the will, the use and income of all the testator's property were given to the defendant for life. After the payment of certain legacies, the residue was given to the plaintiff. Among the assets of the estate were shares in several corporations which have increased their stock, giving their shareholders the right to subscribe for shares of the new stock in proportion to their holdings. The executor has sold these rights and received payment therefor. The Concord Gas Light Company sold its electric plant, and out of the proceeds paid a dividend to its stockholders, the executor receiving $200 on shares belonging to the estate. The Manchester & Lawrence Railroad paid an extra dividend of fifty per cent to its stockholders out of money received in settlement of a suit against another railroad, the executor receiving $3,500 on shares belonging to the estate. The defendant claims that these amounts are income and belong to her as tenant for life.

*Sargent & Hollis*, for the plaintiff.

*William L. Foster*, for the defendant.

BLODGETT, J. I. The rights to take stock in the several corporations belong to the plaintiff as remainder-man (*Peirce* v. *Burroughs*, 58 N. H. 302, 303; *Law* v. *Alley*, 67 N. H. 93), and the income thereof only is payable to the defendant as life tenant.

II. The $200 received from the gas light company, May 4, 1893, and derived from a sale of a portion of its corporate property, which was purchased and represented by the issue of capital stock, was not, either in form or in substance, a division of earnings, but a division of so much of the capital of the corporation, and as such goes to the remainder-man (*Wheeler* v. *Perry*, 18 N. H. 307, 314), subject to the payment of interest thereon to the tenant for life.

III. Dividends being rightfully payable only from the profits of a corporation, the fifty per cent dividend upon the seventy shares of Manchester & Lawrence Railroad stock is, in the absence of evidence to the contrary, presumptively to be regarded as a dividend from the earnings, income, and profits of the capital invested in the Manchester & Lawrence road, and therefore as belonging to the defendant as life tenant. *Lord* v. *Brooks*, 52 N. H. 72, 78, 79; 2 Per. Tr. (3d ed.), ss. 544, 545, and notes; 5 Am. & Eng. Enc. Law 725–727, 729.

*Case discharged.*

All concurred.